IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH C. HINMAN,<br><br>　　　　　　　Petitioner,<br><br>　vs.<br><br>DIANE SABATKA-RINE, Director of Nebraska Dept of Corrections;<br><br>　　　　　　　Respondent. | 8:23CV3<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on preliminary review of Petitioner Kenneth C. Hinman's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed in this Court on January 3, 2023. Petitioner set forth in his petition that he was convicted of two counts of first degree sexual assault pursuant to a no contest plea in the District Court of Box Butte County, Nebraska and was sentenced to 60 to 80 years' imprisonment on August 13, 2012. Filing No. 1 at 1. Petitioner filed a direct appeal, and the Nebraska Court of Appeals affirmed his convictions and sentence on January 29, 2013. Id. at 2. Petitioner filed a motion for postconviction relief on July 4, 2022, which the state district court denied on July 5, 2022. Id. at 3, 10–13. Petitioner appealed the denial of his postconviction motion, and the Nebraska Court of Appeals granted the State's motion for summary affirmance on November 21, 2022, finding Petitioner's "motion for postconviction relief was filed outside the 1-year limitation period and [Petitioner] failed to allege any event in his brief that would have extended his time for filing the postconviction motion." Id. at 14.

　　　　It appears from the face of the petition that Petitioner's claims may be barred by the statute of limitations because the petition was filed more than one year after

Petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1). However, in order to ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution. Respondent should be mindful of, and respond to if necessary, Petitioner's arguments in support of excusing the procedural bar of the statute of limitations. See Filing No. 1 at 20–22.

Petitioner also moves the Court for an evidentiary hearing. Filing No. 2. Rule 8(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* (hereinafter "Rules") provides, in relevant part, that in determining whether an evidentiary hearing is warranted, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7." Because no state court records have been filed, the Court cannot yet determine whether an evidentiary hearing is warranted under the Rules. Accordingly, Petitioner's motion for evidentiary hearing will be denied without prejudice to reassertion as premature.

Lastly, Petitioner requests the appointment of counsel. Filing No. 3; *see also* Filing No. 1 at 23. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules*

*Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. By **June 8, 2023**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **June 8, 2023**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record

        that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E.     No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the motion is therefore fully submitted for decision.

F.     If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may**

4

**result in the imposition of sanctions, including Petitioner's release.**

3. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A. By **June 8, 2023**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the

        Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **July 10, 2023**: check for Respondent's answer and separate brief.

4. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

5. Petitioner's motion for evidentiary hearing, Filing No. 2, and motion for the appointment of counsel, Filing No. 3, are denied without prejudice to reassertion.

Dated this 24th day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

7